Massena v. Bronstein

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand thirteen.

PRESENT:  RALPH K. WINTER,
          DENNIS JACOBS,
          CHESTER J. STRAUB,
              *Circuit Judges*.

_____

Andre Massena,

                *Plaintiff - Appellant,*

          v.                                    12-2017

Laura Bronstein, Tarrick Abdelazim, City of Binghamton,

                *Defendants - Appellees,*

Binghamton University, State University of New York,

                *Defendants.*

_____

**FOR APPELLANT:**     Andre Massena, *pro se*, West Palm Beach, Fla.

**FOR APPELLEES:**     Laura Etlinger, Esq., and Denise Ann Hartman, Esq. N.Y. State Office of the Attorney General, for Appellee Laura Bronstein.

Brian Matthew Seachrist, Esq., City of Binghamton Corporation Counsel, Binghamton, NY, for Appellees Tarrick Abdelazim and City of Binghamton.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Andre Massena, pro se, appeals from the judgment dismissing his First Amendment retaliation claims, pursuant to 42 U.S.C. § 1983, against Laura Bronstein, Tarrick Abdelazim, and the City of Binghamton (the "City"). The claims arise from disciplinary action taken by Bronstein at Binghamton University, and the non-renewal of Massena's contract with the City. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo a decision dismissing a complaint pursuant to Rule 12(b)(6). See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 87 (2d Cir. 2013). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court must accept the factual allegations in the complaint as true, that requirement is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In order to prevail against a municipality based on the acts of a public official, a § 1983 plaintiff must prove, inter alia, that the constitutional injury was caused "pursuant to official municipal policy of some nature," Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978), or by a municipal policymaker with "final policymaking power" over the challenged action, Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008). The question of whether an official has final policymaking authority is a question of law. See Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000). Accordingly, the district court was not bound to accept as true Massena's legal conclusion that Abdelazim was a "final policymaker." Cf. Iqbal, 556 U.S. at 678.

The City's contracts are awarded by the Board of Contract and Supply or the City Council, not by Abdelazim. See Binghamton, N.Y. Ord. § 127-11(c). The district court, therefore, properly dismissed Massena's claims against the City. See Massena v. Bronstein, No. 10-cv-1245, 2011 WL 754112 (N.D.N.Y. Feb. 12, 2011). We review orders granting summary judgment de novo and focus on whether there was no genuine issue of material fact and the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, LLP, 321 F.3d 292, 300 (2d Cir. 2003). We "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (quoting Stern v. Trustees of Columbia Univ. in City of N.Y., 131 F.3d 305, 312 (2d Cir. 1997)).

To prevail on a claim of First Amendment retaliation, a plaintiff must first prove that his speech warrants First Amendment protection. See Reuland v. Hynes, 460 F.3d 409, 414 (2d Cir. 2006) (discussing whether speech was protected by First Amendment in employee speech context); Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d Cir. 2001) (setting forth elements for a First Amendment retaliation claim by a private individual against a public official). The First Amendment offers no protection to a statement that (1) would reasonably have been perceived as an assertion of fact, (2) was false, and (3) was made "with knowledge or reckless disregard of its falsity." Reuland, 460 F.3d at 414. Reckless disregard for the truth may be evident from a speaker's "subjective awareness of probable falsity," Gertz v. Robert Welch, Inc., 418 U.S. 323, 334 n.6 (1974), or "serious doubts as to the truth of his [speech]," St. Amant v. Thompson, 390 U.S. 727, 731 (1968).

Massena concedes that his statements could be perceived by a reasonable observer to be statements of fact, and he does not meaningfully dispute that they were false. To survive summary judgment, therefore, he has to demonstrate a triable issue of fact regarding whether he acted with knowledge or reckless disregard for the truth of his statements.

Massena's posters stated that a tenant in city-subsidized housing was wrongfully evicted in retaliation for her tenant-advocacy activities. He does not dispute that: 1) the tenant was provided with a hearing concerning whether she failed to complete required community service; 2) a hearing officer found she had submitted fraudulent documents; 3) an eviction proceeding was commenced and a warrant of eviction obtained; and, 4) the tenant fully exercised her right to appeal the warrant. Nor does Massena dispute that he

4

was aware of these facts prior to distributing the posters. He argues that a reasonable jury could find he did not know his statements to the contrary were false because he believed that the stated reasons for the eviction were mere pretext.

Even assuming that Massena believed that the hearing officer was using the tenant's fraud as a pretext, however, summary judgment was properly granted. Massena's poster stated that "reasons had to be fabricated to force [the tenant] out of [her] home." In other words, Massena charged the hearing officer with making up out of whole cloth a reason to evict the tenant. But Massena knew that was not true. Perhaps he believed that the tenant's fraud was an excuse that the hearing officer latched on to, but he could not have believed that the hearing officer was forced to create a false reason to evict the tenant as he knew that the fraud was real. His speech, therefore, was not subject to First Amendment protections.

Because we affirm on the ground that the First Amendment does not protect Massena's speech, we need not reach his contentions regarding whether he suffered adverse actions at the hands of Bronstein and Abdelazim, or whether those actions were causally related to his speech.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5